UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

David Burgie,

        Plaintiff,

v.

FMA Alliance, LTD; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: 3:14-cv-1907

COMPLAINT

For this Complaint, Plaintiff, David Burgie, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, David Burgie ("Plaintiff"), is an adult individual residing in Windsor, Connecticut, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant FMA Alliance, LTD ("FMA"), is a Texas business entity with an address of 12339 Cutten Street, Houston, Texas 77066, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by

**FMA and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.**

**6.     FMA at all times acted by and through one or more of the Collectors.**

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.  The Debt**

**7.     An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").**

**8.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).**

**9.     The Debt was purchased, assigned or transferred to FMA for collection, or FMA was employed by the Creditor to collect the Debt.**

**10.    Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).**

**B.  FMA Engages in Harassment and Abusive Tactics**

**11.    In or around July 2014, FMA began calling Plaintiff in an attempt to collect the Debt.**

**12.    FMA called Plaintiff's telephone number 860-XXX-9357.**

**13.    During a conversation, Plaintiff asked a Collector from FMA why FMA was calling.**

**14.    The Collector told Plaintiff that they were not sure why FMA was calling Plaintiff.**

**15.    Thereafter, FMA continued to call Plaintiff without any reason for the**

2

calls.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

18. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

19. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. Plaintiff is entitled to damages as a result of Defendants' violations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 18, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff